UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-104-KKC

HELEN RUFFING and MICHAEL RUFFING, PLAINTIFFS,

v. **OPINION AND ORDER**

SECRETARY, KENTUCKY CABINET FOR
HEALTH AND FAMILY SERVICES, DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Judgment on the Pleadings or Summary Judgment filed by the Defendant (DE 12) and the Motion for Summary Judgment filed by the Plaintiffs (DE15).

**I.   FACTS.**

**A.   Background.**

The Plaintiffs are the great aunt and great uncle of twin girls. The Kentucky Cabinet for Health and Family Services (the "Cabinet") removed the girls from their parents' home and the Plaintiffs were awarded permanent custody of the twins by the Wayne County Family Court on October 3, 2007. The Plaintiffs assert that they have filed a petition in the Fayette Circuit Court to adopt the twins. The Plaintiffs' dispute with the Cabinet revolves around the Cabinet's denial of the Plaintiffs' request for adoption subsidies available for those who adopt children with "special needs."

**B.   State and Federal Adoption Subsidy Programs.**

In Kentucky, prospective adoptive parents of children with "special needs" are eligible for either state-funded or federally-funded adoption subsidies.

The federal program was established by the Adoption Assistance and Child Welfare Act of

1980 (the "Adoption Act"). 42 U.S.C. §§ 670-76. To participate in the program, states must submit a plan to the Secretary of Health and Human Services for approval by the Secretary. 42 U.S.C. §§ 670, 671. The Act is administered in Kentucky by the Cabinet pursuant to 42 U.S.C. § 673 and KRS § 199.557. The federal statute defines whether a child meets the requirements to receive the adoption assistance payments. 42 U.S.C. § 673(a)(2)(A), (C). The Defendant, the Cabinet Secretary (the Secretary"), submits the affidavit of Mike Grimes, the Adoption Services Branch Manager for the Cabinet. Grimes states that eligibility for adoption assistance under the Adoption Act depends upon the parent's income and the parent's eligibility for Aid to Family with Dependant Children ("AFDC") based on the July 16, 1996 AFDC eligibility guidelines.

Kentucky also offers state-funded adoption assistance payments for the adoptive parents of children with "special needs." KRS § 199.555. The Secretary refers to this program as "SNAP." The state statute sets forth the requirements for receiving the monthly assistance payments under SNAP. KRS § 199.555(5). Grimes states that, in order for adoptive parents to receive state-funded adoption assistance: 1) the children must be committed to the Cabinet's custody; 2) the children must be placed for adoption by the Cabinet; and 3) the Cabinet must have authority to consent to the adoption of the children.

Kentucky also offers Kinship Care benefits for children who have been abused or neglected and are placed with a relative. Kinship care is established by KRS § 605.120(5), which provides that "[t]o the extent funds are available, the cabinet may establish a program for kinship care that provides a more permanent placement with a qualified relative for a child that would otherwise be placed in foster care due to abuse, neglect, or death of both parents." The Kinship Care benefits program is also federally funded. 42 U.S.C. §§ 601-619.

The Plaintiffs received Kinship Care benefits. However, the Cabinet denied their application for federal and state adoption assistance benefits. As to the denial of federal benefits, the Secretary submits the affidavit of Wendy Latham, a children's benefit worker for the Cabinet who determined the eligibility of the twins for the Adoption Act payments. Latham explains that she made that determination based upon information supplied by the twins' biological mother. She states that, under the federal guidelines, the children were eligible for the benefits only if their mother's income was $526 per month or less. She further states that she determined that the mother's monthly income exceeded that amount.

As to the denial of state adoption assistance benefits, the Secretary submits Grimes' affidavit who states that the twins did not meet any of the requirements for state assistance under the state-funded program. This is because the children are not in the Cabinet's custody; the Cabinet has never placed the twins for adoption; and the Cabinet has no authority to consent to the adoption of the children because the biological parents retain their parental rights.

**C.  Claims Asserted.**

After the Cabinet denied their application for adoption assistance benefits, the Plaintiffs filed this action in Fayette Circuit Court. The Plaintiffs styled their initial pleading as a "petition," referred to their action as an "appeal" of the Cabinet's denial of benefits, and asserted that it was filed pursuant to KRS § 13B.140. That statute provides, in part, as follows:

> All final orders of an agency shall be subject to judicial review in accordance with the provisions of this chapter. A party shall institute an appeal by filing a petition in the Circuit Court of venue, as provided in the agency's enabling statutes, within thirty (30) days after the final order of the agency is mailed or delivered by personal service.

The Plaintiffs appeal the Cabinet's decision to deny them adoption assistance benefits. (DE

1, State Court Petition ¶¶ 2A, 4). The Plaintiffs do not assert a claim under the Adoption Assistance Act that they are entitled to federal adoption assistance benefits. Instead, with their petition filed initially in Kentucky Circuit Court, the Plaintiffs sought to appeal, in the manner provided for under state law, the Cabinet's decision to deny them benefits.

The Plaintiffs also seem to assert three additional claims against the Secretary. First, the Plaintiffs assert that the Cabinet did not inform the Plaintiffs that they were eligible to receive federal adoption assistance benefits as it was required to do under federal law. (DE 1, State Court Petition ¶ 12).

Second, the Plaintiffs assert that the Cabinet violated their due process rights under the United States Constitution because the Cabinet arbitrarily denied their request for adoption subsidy benefits without granting them an opportunity to be heard. (DE 1, State Court Petition ¶ 16).

Third, in their state-court petition, the Plaintiffs assert that the Cabinet has denied them their constitutional right to equal protection of the laws. (DE 1, State Court Petition ¶ 15).

**D.     Relief Sought.**

As for the relief the Plaintiffs seek, in their state-court petition, they asked the state court to order the Cabinet "to treat the Plaintiffs as eligible for adoption assistance benefit retroactive to the date that the adoption could have been finalized." (DE 1, State Court Petition, Prayer for Relief). In their motion/response filed in this Court, they ask the Court to order the Secretary to "initiate proceedings to calculate a schedule of adoption assistance payments to the plaintiffs; and to provide plaintiffs with adequate notice detailing the facts and reasons for the proposed schedule; an opportunity for plaintiffs' counsel to confront any adverse evidence and present plaintiff's own evidence and arguments; an opportunity to appeal. . . ."

The Secretary removed the action to this Court asserting that this Court has federal question jurisdiction under 28 U.S.C. § 1331, noting that the Plaintiffs asserted that the Cabinet had violated a federal statute, 42 U.S.C. § 673, and federal constitutional due process and equal protection claims.

The Secretary now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or, alternatively, for summary judgment. The Plaintiffs move for summary judgment in their favor.

**II.     ANALYSIS.**

**A.      Federal Constitutional Claims.**

The Sixth Circuit does not recognize direct constitutional claims because 42 U.S.C. § 1983 is the "exclusive remedy" for alleged constitutional violations" by state actors. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir.1987) ("In cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations), *vacated and remanded on other grounds* 488 U.S. 1036 (1989).

The Plaintiffs do not mention Section 1983 in their state-court petition or in their response/motion filed in this Court. Further, although the Secretary raised this issue in her motion, the Plaintiffs have not moved to amend their petition to add a claim under Section 1983 or otherwise indicated any intention to do so. Thus, the Court will dismiss the Plaintiffs' direct constitutional claims that the Cabinet violated their rights to due process and equal protection of the laws.

Further, as to the Plaintiffs' claim asserted in their state-court petition that the Cabinet has denied them equal protection of the laws, in their response to the Secretary's motion, the Plaintiffs do not address this claim. Nor do they reassert this claim in their motion for summary judgment. Accordingly, the Court presumes the Plaintiffs have abandoned their equal protection claim and will

5

dismiss it on this basis as well.

B.     **Federal Statutory Claim.**

The only other federal claim that the Court can discern from the Plaintiffs' state-court petition and response is their claim that the Cabinet violated the federal Adoption Act by failing to inform the Plaintiffs of the federal adoption assistance benefits.

The problem with this claim is that, even assuming that the Plaintiffs have a private right of action under this provision and that the Cabinet did violate the statute by failing to inform the Plaintiffs of the federal benefits, the Court is unable to order any relief to compensate the Plaintiffs for that violation. The Eleventh Amendment prohibits this Court from granting money damages against states and against state employees sued in their official capacities. *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66 (1989)).

The Plaintiffs do not specifically allege the capacity in which they sue the Secretary. Under such circumstances, a court evaluates whether "the course of proceedings" clearly put the defendants on notice that plaintiff sought to impose liability upon them personally. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir.2001). In this case, there is no indication that the Plaintiffs seek to impose personal liability on the Secretary, and the Court therefore must presume the Plaintiffs assert a claim against the Secretary in her official capacity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.1991).

Thus, the Court cannot award money damages in this case. This Court may order prospective injunctive relief against state officials for violations of federal law. *Ex parte Young*, 209 U.S. 123 (1980). However:

> *Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief

6

> against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation. As we have noted: "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Green v. Mansour*, 474 U.S. 64, 68 1985) (citation omitted).

*Papasan v. Allain*, 478 U.S. 265, 277-78 (1986).

The Plaintiffs assert that the Cabinet failed to inform them of adoption subsidies in the past. They do not assert that the Cabinet is continuing to violate federal law. A claim that a state official violated federal law in the past is not permitted under the *Ex Parte Young* exception to state sovereign immunity.

Further, there is no prospective injunctive relief that could remedy the Cabinet's past failure to inform the Plaintiffs of the federal adoption subsidy benefits. Again, prospective injunctive relief is the only relief that this Court may order against a state official.

The Plaintiffs recognize that prospective injunctive relief is not an appropriate remedy for this claim. Thus, they argue that the remedy for a public agency's failure to advise adoptive parents of adoption assistance is an order that the public agency must pay the adoption assistance benefits. But, assuming this is true, the Court cannot order such relief against a state official. The Eleventh Amendment bars relief that compensates for past injury caused by a state official's violation of federal law, whether that compensation is characterized as damages, retroactive payments, or reparations. *Papasan*, 478 U.S. at 278; *Edelman v. Jordan*, 415 U.S. 651, 664-68 (1974).

An order requiring the Cabinet to pay the Plaintiffs adoption subsidy benefits because the Cabinet allegedly violated their duty to inform the Plaintiffs about the benefits is not designed to end the Cabinet's alleged violation of federal law. The violation occurred in the past and is not

7

continuing. Instead such an order would be designed to compensate the Plaintiffs for the Cabinet's alleged violation of its federal statutory duty.

Accordingly, the Plaintiffs' claim that the Cabinet violated the Adoption Act by failing to inform the Plaintiffs of federal adoption subsidy benefits is barred by the doctrine of sovereign immunity.

    **C.**    **State Law Claims.**

As to the state law claims asserted in the Plaintiffs' petition, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 583 (6th Cir. 2007) (quoting *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir.1996)). The Court has never addressed the merits of this action. The Secretary herself argues that the state law claims should be remanded. Further, at its heart, this matter constitutes an appeal of a state agency's decision as provided for under state statute. Accordingly, balancing these considerations, the court will remand the remaining state law claims to state court.

    **III.**    **CONCLUSION.**

For all these reasons, the Court hereby ORDERS as follows:

1)    The Plaintiffs' Motion for Summary Judgment (DE 15) is DENIED;

2)    The Defendant's Motion for Judgment on the Pleadings or Summary Judgment (DE 12) is GRANTED in part and DENIED in part. The motion is GRANTED as to the Plaintiffs' claims that the Cabinet violated their constitutional right to due process and equal protection of the laws and as to the Plaintiffs' claim that the Cabinet violated the Adoption Assistance

and Child Welfare Act of 1980 (the "Adoption Act"), 42 U.S.C. §§ 670-76, by failing to inform them of federal adoption assistance benefits. Those claims are hereby DISMISSED;

3) The Defendant's Motion for Judgment on the Pleadings or Summary Judgment (DE 12) is otherwise DENIED;

4) The remaining state law claims are REMANDED to the Fayette Circuit Court; and

5) this matter is STRICKEN from the active docket of this Court.

Dated this 12th day of April, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge